IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON NEWMAN ANDERSON**                                                      **PLAINTIFF**

**V.**                                                      **CASE NO.: 3:17-cv-363-DPJ-JCG**

**COMMISSIONER OF SOCIAL**                                                      **DEFENDANT**
**SECURITY**
*Nancy Berryhill, Acting Commissioner of*
*Social Security*

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Sharon Newman Anderson asks the Court to review the decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433; widow's insurance benefits under Title II, 42 U.S.C. § 402; and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. (ECF No. 10, at 21-31). Plaintiff requests that the Court review the medical evidence and consider what she alleges to be new evidence. At the same time, Plaintiff asserts that her indigence and lack of health insurance has resulted in an inability to prove her case.

Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, has filed a Motion for an Order Affirming Commissioner's Decision. (ECF No. 13). Having considered the submissions of the parties, the record, and relevant law, the undersigned Magistrate Judge recommends that the Commissioner's Motion for an Order Affirming the Commissioner's Decision be GRANTED. The Commissioner

applied the correct legal standards, and his decision to deny benefits is supported by substantial evidence. The Court may not retry factual issues or reweigh evidence. Plaintiff has submitted no new, material evidence that warrants remand.

## BACKGROUND

Plaintiff alleges disability beginning on March 30, 2011, when she was forty-seven years old, due to fibromyalgia, back pain, chronic fatigue syndrome, neuropathy, depression, anxiety, attention deficit hyperactivity disorder, and bipolar disorder. (ECF No. 12, at 2). Plaintiff has a high school education, took some college courses, and is able to communicate in English. (ECF No. 10, at 61). She last worked from 2006 to 2011 as a cocktail waitress at a casino. *Id.*

Plaintiff's claims were initially denied and denied upon reconsideration, prompting Plaintiff to request a hearing before an administrative law judge (ALJ). After a video hearing on January 6, 2016, ALJ Douglas Gilmer issued a decision unfavorable to Plaintiff on January 26, 2016. *Id.* at 21-31. The ALJ recognized that Plaintiff had severe impairments of "complaints of back pain and fibromyalgia, an attention hyperactivity disorder, an adjustment disorder with depressed mood, bipolar disorder, an organic mental disorder and an anxiety disorder (20 C.F.R. 404.1520(c) and 416.920(c))." *Id.* at 25. The ALJ concluded, however, that Plaintiff had the residual functional capacity (RFC) "to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except with no climbing of ladders, ropes or scaffolds, occasional climbing of ramps or stairs, occasional stooping, crouching, kneeling and crawling and she is limited to the performance of simple, routine and

repetitive tasks with occasional interaction with the public, coworkers and supervisors." *Id.*

The ALJ found that Plaintiff could not perform her past relevant work as a cocktail waitress but concluded that there were jobs in significant numbers in the national economy that a person with Plaintiff's RFC could perform. *Id.* at 30. Based on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of performing the requirements of representative occupations such as housekeeping-cleaner, cafeteria attendant, and routing clerk. *Id.* at 30-31.

The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. While Plaintiff was represented during the administrative proceedings, Plaintiff maintains that she was "dropped" by her counsel after the ALJ's unfavorable decision and has been unable to obtain other representation. (ECF No. 11, at 1; ECF No. 12, at 1). Plaintiff commenced this action *pro se* on May 12, 2017.

Plaintiff asserts that she has fatigue and pain in her muscles and joints that is so severe that she spends up to fifteen hours a day in bed. *Id.* at 64. Plaintiff testified that she can stand and walk for at most fifteen minutes, sit for only five minutes, and lift at most a jug of milk. *Id.* at 66-67. Plaintiff takes the medication Flexeril and Ibuprofen to control pain. Plaintiff submits that she cannot work and has been unsuccessful at past attempts to work because she cannot focus, forgets things, and experiences severe anger, sadness, and irritability. *Id.* at 60, 65-66, 68-69. Plaintiff has been prescribed the medication Seroquel for bipolar disorder.

3

DISCUSSION

**A.    Proving Disability**

The Social Security Act defines "disability" as a "medically determinable physical or mental impairment" lasting at least twelve months that prevents the claimant from engaging in "any substantial gainful activity." 42 U.S.C. §§ 402, 416, 423(d)(1)(A), 1382c. The ALJ uses a five-step sequential process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The ALJ may decide that a claimant is disabled if he or she finds that: (1) the claimant is not presently engaged in substantial gainful activity; (2) the claimant has a severe, medically determinable, physical or mental impairment that significantly limits his physical or mental ability to do basic work activities and meets the duration requirement; (3) the claimant's impairment or combination of impairments meets or equals an impairment contained in the listings of impairments of Appendix 1, 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) if disability cannot be found based on a listing in Appendix 1, the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant from doing any other work, considering the claimant's RFC, age, education, and past work experience.

The claimant has the burden through the first four steps. *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005). Once the claimant shows that she can no longer perform her previous work, the burden shifts to the Commissioner to show that there is other work existing in significant numbers in the national economy that the claimant can perform. *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000). The

Commissioner "may meet this burden by reference to the Medical-Vocational Guidelines of Appendix 2 of the regulations and/or by obtaining vocational expert testimony." *Stevens v. Shalala,* 36 F.3d 90, *1 (5th Cir. 1994) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2). If the Commissioner meets the burden at step five of showing that there is other work in the national economy, the claimant must then prove that he or she is not able to perform other work. *Id.*

**B.  Substantial Evidence**

Plaintiff asks the Court to reconsider the evidence before the ALJ. However, the scope of review in a Social Security case is limited by 42 U.S.C. § 405(g) to the questions of whether the Commissioner's determinations were made upon correct legal standards and whether they were supported by substantial evidence. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Fortenberry v. Harris,* 612 F.2d 947 (5th Cir. 1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Perez,* 415 F.3d at 461.

In a Social Security case, the federal district court is not a trier of facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. This Court may not retry factual issues, reweigh evidence, or substitute its judgment for that of the Commissioner. *Fraga v. Bowen,* 810 F.2d 1296, 1302 (5th Cir. 1987). "If the Commissioner's findings are supported by substantial evidence, they are conclusive." *Id.* (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971)). A finding of no substantial evidence is appropriate only if

there is "a conspicuous absence of credible choices or no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

    1.    <u>Medical evidence of physical impairment</u>

The ALJ found that Plaintiff's allegations of debilitating physical limitations were not credible because they were not consistent with the objective medical evidence. (ECF No. 10, at 29). The ALJ concluded that there was "no objective medical evidence from a regular treating source to establish that the claimant is experiencing any serious, chronic physical problems or exhibiting any serious, chronic physical abnormalities as concerns the objective medical findings on examination during the relevant period under review." *Id.* at 26. The ALJ's opinion summarizes the medical evidence that ALJ relied on, namely

- X-rays of the lumbar spine taken on November 25, 2013, which were normal. *Id.* at 262-64.
- A physical evaluation by consultative physician J. Mei., M.D., on December 3, 2013, who noted some reduction in spinal range of motion and positive straight leg raising but mostly noted normal objective medical findings. Dr. Mei concluded that Plaintiff did not exhibit any serious physical limitations and could be expected to sit, stand, and walk normally in an eight-hour workday. Dr. Mei found that Plaintiff had mild limitations with lifting and carrying and could occasionally perform postural actions like stooping, crouching, and squatting. Dr. Mei found no evidence from a treating physician that Plaintiff was experiencing any

6

serious physical limitations and ultimately no objective medical evidence to establish a longitudinal history of chronic, serious ill side effects from medication use. *Id.* at 267-272.

- Treatment records dated August 4, 2015, to December 1, 2015, from Jackson-Hines Comprehensive Health Center that note Plaintiff's subjective complaints of fatigue and Plaintiff's statements to the provider that she was trying to get on disability. The records indicate no objective medical findings on examination that were remarkable and no serious, chronic abnormalities. Plaintiff's neurological exam was normal, and she had normal motor strength in both the upper and lower extremity. *Id.* at 288-301.

- The reports of State agency physicians Madena Gibson, M.D. and Glen James, M.D., who concluded that Plaintiff did not have a physical impairment or combination of physical impairments that would have more than minimal effect on Plaintiff's ability to perform basic work-related activities. *Id.* at 27.

2. <u>Medical evidence of mental impairment</u>

The ALJ found "no objective evidence from a regular mental health treating source to establish a longitudinal history of serious, chronic psychological difficulty . . . during the relevant period under review (i.e., since the alleged onset date of March 30, 2011, and thereafter)." *Id.* The ALJ noted that there was "nothing from a treating psychiatrist or treating psychologist advising that the claimant is

experiencing any serious, chronic psychologically related limitations during the relevant period of review." *Id.* In reaching the conclusion that Plaintiff possesses the residual mental functional capacity to perform simple, routine and repetitive tasks with occasional interaction with the public, coworkers, and supervisors, the ALJ's decision summarizes the medical evidence relied on by the ALJ, namely

- A report by consultative psychologist Lisa Yazdani, Ph.D, who examined Plaintiff on January 8, 2014. Dr. Yazdani "list[ed] unremarkable activities and mental status findings on examination that do not establish serious, chronic abnormalities." *Id.* at 27. Dr. Yazdani's impression was that Plaintiff suffered from a generalized anxiety disorder, an attention deficit hyperactivity disorder, and an adjustment disorder with depressed mood. Dr. Yazdani found that Plaintiff was moderately limited in her ability to maintain concentration but was nevertheless capable of performing routine and repetitive tasks. Dr. Yazdani found Plaintiff to be mildly diminished in her ability to interact with others and receive supervision. *Id.* at 274-76.

- A Disability Determination Explanation completed on January 23, 2014, by State agency reviewing psychiatrist C. VanAsselberg, M.D. Dr. VanAsselberg concluded that Plaintiff presented with an organic mental disorder and an anxiety disorder but did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Dr. VanAsselberg found Plaintiff to have no restrictions in

8

the area of performing the activities of daily living, mild restriction in maintaining social functioning, and moderate restriction in maintaining concentration, persistence or pace, with no episodes of decompensation of extended duration. Dr. VanAsselberg concluded that Plaintiff was capable of understanding and following simple instructions, maintaining attention for two hour periods within an eight-hour workday, and completing a workweek without excessive interruptions from psychological symptoms. Dr. VanAsselberg found that Plaintiff could relate appropriately to coworkers and supervisors and adapt to a job setting. *Id.* at 87-106.

- Treatment records from Hinds Behavioral Health Services for two visits. On August 4, 2015, Plaintiff complained of anxiety and some difficulty concentrating. On December 1, 2015, Plaintiff's mental status findings were unremarkable, and by history, the impression was listed as bipolar disorder and attention deficit disorder. *Id.* at 278-87.

### C.     Alleged "New" Evidence

With respect to Plaintiff's request that the Court consider new evidence, the Court may not consider evidence outside of the administrative record when reviewing a claim for benefits. *Ellis v. Bowen,* 820 F.2d 682 (5th Cir. 1987); *Parks v. Harris,* 614 F.2d 83 (5th Cir. 1980). The Social Security Act, however, permits the Court to remand a case to the Social Security Administration at any time for a new administrative determination, if there is new evidence for the agency to consider. A

remand based upon new evidence is a remand under sentence 6 of 42 U.S.C. § 405(g).

The statute provides that the federal district court "may" remand a case for new evidence, giving the court discretion in deciding whether or not to remand. In order to merit a remand, the new evidence must meet three criteria: (1) it must be new, and not cumulative of what is already in the record; (2) it must be material and likely to change the outcome of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Leggett v. Chater,* 67 F.3d 558, 567 (5th Cir. 1995); *Pierre v. Sullivan,* 884 F.2d 799 (5th Cir. 1989); *Geyen v. Sec. of Health and Human Servs.,* 850 F.2d 263 (5th Cir. 1988). If the new evidence does not meet all three requirements, then the Court will not remand the claim.

Some of the evidence that Plaintiff has submitted as "new" was considered by the ALJ. (ECF No. 12, at 12-18). The ALJ reviewed the treatment records from Hinds Behavioral Health Services for Plaintiff's appointments on August 4, 2015, and December 1, 2015. (ECF No. 12, at 12-17). The only evidence offered by Plaintiff that was not presented to the ALJ is dated after the ALJ's January 26, 2016, opinion. These are the treatment records from Hinds Behavioral Health Services for Plaintiff's appointments on March 22, 2016, July 19, 2016, and October 13, 2016.

The post-hearing treatment records from Hinds Behavioral Health Services contain essentially the same observations and findings as the pre-hearing records. They do not indicate that Plaintiff had any greater limitation or functional capacity

than she did when she was before the ALJ. The records are cumulative as to diagnosis and symptoms. They document a diagnosis of bipolar disorder and note Plaintiff's self-report of fibromyalgia, chronic fatigue, and attentional deficit disorder. The providers at Hinds Behavioral Health Services limited their treatment to Plaintiff's bipolar disorder. The records repeatedly note Plaintiff's requests that providers prescribe her Adderral, Xanax, and pain medicine, and her providers' repeated responses that those medications were not prescribed at the clinic or would not be prescribed to her. In the post-hearing treatment records from Hinds Behavioral Health Services, a medical doctor and a nurse practitioner provide their opinions that Plaintiff's motivation was not meaningful psychiatric treatment but instead to obtain Xanax, Adderall, and disability benefits. (ECF No. 12, at 17-21). Remand is not warranted because there is not a reasonable probability that the post-hearing records from Hinds Behavioral Health Services would affect the outcome before the Commissioner. *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995).

**D.     Counselor's Records**

Plaintiff alleges that other records exist from Hinds Behavioral Health Services that the ALJ did not review, namely treatment records from her appointments with a counselor. Plaintiff maintains that she cannot submit these records because she is unable to afford the cost of obtaining a copy. Plaintiff did not make this argument at the administrative level, and in this suit, has not represented that she attempted to obtain the records. She has not stated how much

a copy of the records would cost. She has submitted no proof that she asked for the records but was denied them for insufficient funds.

Plaintiff has not advised the Court regarding what she believes would be contained in the counselor's records, has not disclosed how frequently she met with the counselor, and has not explained how the evidence from the counselor would further her case. She has not addressed whether the counselor is a psychologist, who is an "acceptable medical source," or a therapist or social worker, who is not. *See* 20 C.F.R. §§ 404.1513(a), (d), 415.913(d), and 416.913(a), (d). There is no explanation regarding why the counselor's records were not produced to the ALJ. For these reasons, remand is not appropriate. Plaintiff has not shown that there is a reasonable probability that the counselor's records might lead the Commissioner to a different conclusion.

E.   **The Record was Sufficient**

The medical evidence in the record provided a sufficient basis for the ALJ's decision. Plaintiff's new argument that she was unable to obtain medical proof of continuous, ongoing disability because she did not have health insurance and could not afford medical treatment is not grounds for remand. To properly demonstrate an inability to afford medical treatment, Plaintiff was required to present evidence to the ALJ regarding efforts she made to obtain funds to attain a specific treatment. SSR 82-59, 1982 WL 31384, at *4 (Jan. 1, 1982). The record contains no evidence that Plaintiff attempted to obtain treatment and was denied such treatment because of insufficient funds or insurance.

Plaintiff concludes that, if she had money or insurance, she would have been able to see doctors that would have found that she had disabling limitations. While Plaintiff disagrees with the opinions of her treating providers and believes they are not "good doctors," she did not make this argument on the administrative level. Furthermore, speculation is not grounds for remand. Because there was no longitudinal history from a treating provider, the Commissioner developed the record by having Plaintiff physically evaluated by Dr. Mei, whose findings were reviewed by Dr. Gibson and Dr. James. Dr. Yazdani, a psychologist, examined Plaintiff, and Dr. VanAsselberg, a psychiatrist, reviewed the evidence relevant to mental impairment. The record was sufficient to allow the Commissioner to make a decision, and the Commissioner's decision is supported by substantial evidence. It is the province of the ALJ "to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions accordingly." *Stone v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1985).

For the reasons stated, it is recommended that the Commissioner's Motion for an Order Affirming the Commissioner's Decision (ECF No. 13) be granted.

NOTICE OF RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir.1996).

SIGNED, this the 25th day of July, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE